## MITCHELL v STATE

Ohio Appeals, 1st Dist, Butler Co
No. 487. Decided May 4, 1931

J. A. Logan, Washington C. H., and Karl Clark and Clinton Egbert, Hamilton, for Mitchell.

Z. G. Morganthaler, Pros. Atty., Hamilton County, for the State.

### HAMILTON, J.

Prior to the enactment of §13,444-10 GC, the law in Ohio on this proposition was laid down in the case of **State of Ohio v Wing, 66 Oh St, 407,** the syllabus of which is:

"In the trial of a criminal case, evidence of the testimony delivered in a previous trial of the same case by a witness not dead, but beyond the jurisdiction of the court, or limits of the state, is not admissible unless it appear to the satisfaction of the trial court, that the witness is absent through the connivance, or by the procurement of the accused."

The section of the code is in derogation of Ohio common law rule of evidence and extends the rule to apply "whenever the witness giving such testimony * * * could not for any reason be produced at the trial; or * * * become incapacitated to testify."

It becomes necessary, therefore, to construe the phrase "could not for any reason be produced at the trial."

The admissibility of such evidence has been before the courts of many of the states and of the United States, where it has always been strenuously contended that to admit such evidence violates section 10 of the bill of rights, which provides that, on any trial in any court, the party accused shall be allowed to meet the witness face to face.

After much litigation it has been established that the constitutional guaranty has reference to the personal presence of the witness called to testify, and not to the quality or competency of the evidence to be given.

We advert to these rules as throwing light on the interpretation to be given to the phrase under consideration, suggesting that

great care should be given in ascertaining the legislative intent in the use of the phrase "any reason." It must be conceded that "any reason" is a loose phrase when used to permit the introduction of hearsay evidence which avoids constitutional guaranties only by judicial construction, and which may deprive a citizen of his life or liberty.

We are of opinion that the legislative intendment of the phrase "any reason" is a reason growing out of the necessities of the case, and not as is shown in this case a mere delay of a few days.

In the case of State v Wing, supra, the court say in the opinion:

"The ground upon which such declarations (dying declarations) are admitted in cases of homicide—* * * is largely that of necessity in many cases, and became a rule mainly for that reason."

Thus the Supreme Court declared the reason of necessity in the admission of such evidence. Further in the opinion the court stated:

"There is another reflection which we ought not to pass by. In the case at bar, the state made the showing at the trial, that the desired witness could not be found by the officers and was then beyond the jurisdiction of the court. By adjournment or continuance of the case to a future time, she might have been found and produced in court. The state should not be given undue advantage of a prisoner, and it may be, that in the hurried examinatons which sometimes are practiced before magistrates in a large city, a cross-examination is greatly restricted, while, if the witness appears in the Court of Common Pleas, the latitude of a full cross-examination, might properly increase the legitimate opportunities for a fair trial and an acquittal. There the process of sifting the evidence and ascertaining the truth are far superior to those available before a justice of the peace, or other examining magistrate. Hence, great caution should be exercised in allowing one to repeat at the final trial what a material witness may have said on the former hearing, and it should not be done except in clear and well recognized cases of necessity."

The above presents cogent reasons for the construction to be placed on the phrase under consideration.

We have stated the showing made by the state as a reason for the introduction of the transcript of Burt's evidence given at the preliminary hearing.

Burt was the foreman of the workmen where the mishap occurred. There is every reason to believe he would desire to be present as a witness for the state. He knew nothing of the date of trial, when he went on a two weeks' vacation. Several days of that two weeks had passed at the time of the trial. A week's postponement of the trial would in all probability have enabled the state to produce him at the trial. Absence by collusion or at the instance of the defendant is not suggested. The showing of the state presents an **excuse** for the reading of the testimony rather than a **reason** therefor.

We are therefore of the opinion that a short delay or postponement of the trial is not sufficient to admit the reading of Burt's testimony under the code provision, where there is no showing that the state would be injured thereby, and the probability that adjournment of the trial for a short time would have enabled the state to produce the witness in court.

We find no other prejudicial error.

For the error stated, the judgment of the Court of Common Pleas of Butler County, Ohio, is reversed, and the cause is remanded to that court for a new trial.

ROSS, PJ, and CUSHING, J, concur.