**COLUMBUS (City), Plaintiff-Appellee, v. EDMISTER, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5908. Decided May 27, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Paul A. Scott Asst. City Atty., Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This is a law appeal from a judgment of the Municipal Court of Columbus. Ohio.

Defendant, appellant herein, sets forth five assignments of error. The fifth assignment of error relates to corpus delicti. There was ample evidence to establish the corpus delicti far and beyond the rule set out in State v. Maranda, 94 Oh St 364.

Assignment of error No. 1, relating to the motions made by the appellant for judgment at the close of the evidence of plaintiff (appellee herein) and at the close of all the evidence, is not well taken in view of the record in this case.

Assignments of error Nos. 2 and 4 should likewise be overruled in view of the evidence in the record.

The only question remaining is that presented by the third assignment of error, which reads as follows:

"3. The verdict and judgment of the Municipal Court of Columbus, Ohio, conflicts with the defendant's Constitutional rights, guaranteed to him by the Constitution of Ohio and the United States."

In connection with this question, §2945.49 R. C., should be considered. It reads as follows:

"Testimony taken at an examination or a preliminary hearing at which the defendant is present, or at a former trial of the cause, or taken by deposition at the instance of the defendant or the state, may be used whenever the witness giving such testimony dies or cannot for any reason be produced at the trial, or whenever the witness has, since giving such testimony, become incapacitated to testify. If such former testimony is contained within a bill of exceptions, or authenticated transcript of such testimony, it shall be proven by the bill of exceptions, or transcript, otherwise by other testimony."

The court, in this case, permitted the official court reporter to read the testimony of one Harriet Ann Wingo, which testimony had been taken at a former trial of this appellant, at which former trial a jury had failed to agree on a verdict. Harriet Wingo was not present at the trial on January 9, 1958, but she had testified early in November, 1957, at the former trial. The record satisfactorily shows that the officer went to Licking County and located a Mrs. Case, mother of Mrs. Wingo, and learned from her that the witness had enlisted in the Women's Air Force and was stationed for basic training in Texas. Under those conditions, it is our opinion that the court properly admitted this testimony which had been produced in the former trial and with cross-examination afforded.

In our opinion Mitchell v. State 40 Oh Ap 367, is not applicable. In the Mitchell case the witness was only out of the jurisdiction of the court for a short vacation, and the court said a week's postponement of the trial would in all probability have enabled the state to produce the witness at the trial. Here we have no assurance that the witness ever would return to Ohio and under these conditions the evidence was properly submitted for the jury's consideration. We feel that no consti-

tutional rights or statutory privileges were denied the appellant and, therefore, the judgment of the Municipal Court should be affirmed.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.